■ VIRGINIA OLSHAN, Appellant, v ROBERT MERENS, Respondent.—Order, Family Court, New York County, entered June 22, 1977, unanimously affirmed, without costs and without disbursements. The parties were divorced pursuant to a judgment in the Circuit Court of Cook County, Illinois. Merged into the judgment was a settlement agreement which provided for custody of the infant child in the petitioner wife with rights of visitation and financial responsibility for the respondent husband. Having married a resident of New York State, the wife sought and received permission in the Illinois Court to move the infant child permanently to the State of New York, with accompanying changes in visitation and support rights. The modified judgment recites that the Illinois Court retains jurisdiction. The petitioner then commenced a proceeding in the Family Court seeking a modification of the Illinois judgment for a very substantial increase in support for the six-year-old child, based on increased expenses for maintaining the child and an increase in the father's income. The father's motion to dismiss pursuant to CPLR 3211 (subd [a], par 2) was granted on the ground

of lack of subject matter jurisdiction. While we affirm, we do so for the reason that the granting of the motion would have been in the sound discretion of the Family Court, which discretion we now exercise. Under the circumstances, it may be said that the petitioner having had the question of support entertained twice in the Illinois Court over a period of three years, a further consideration was not warranted. However, the matter could have been entertained (Family Ct. Act, § 461, subd [b]). Concur—Kupferman, J. P., Lupiano, Birns and Silverman, JJ.